OPINION
{¶ 1} Defendant-appellant Barry King appeals his April 20, 2003 conviction finding he violated the terms of a criminal protection order. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant was arrested on March 3, 2003, on charges of domestic violence, in violation of R.C. 2919.25(A). On March 5, 2003, at his arraignment, appellant waived and consented to a criminal temporary protection order pursuant to R.C. 2919.26. The protection order required appellant to surrender deadly weapons within his possession to the Strasburg Police Department.
 {¶ 3} However, as of March 7, 2003, appellant had not surrendered the firearms as required. Pursuant to R.C. 2919.27(A)(1), appellant was arrested for recklessly violating the terms of the criminal temporary protection order. Appellant informed the arresting officers he intended to surrender the guns on March 8, 2003, his day off work.
 {¶ 4} The matter proceeded to a jury trial on March 16, 2004. The jury found appellant guilty. Via an April 20, 2004 Judgment Entry, the trial court entered a conviction for recklessly violating a condition of the criminal temporary protection order and sentenced appellant accordingly.
 {¶ 5} Appellant now appeals his April 20, 2004 conviction, assigning as error:
 {¶ 6} "I. The conviction of the appellant, barry king, was against the manifest weight of the evidence and was insufficient to sustain his conviction as a matter of law."
 I {¶ 7} Appellant maintains his conviction was against the manifest weight and sufficiency of the evidence. We disagree.
 {¶ 8} In considering an appeal concerning the sufficiency of the evidence, our standard is as follows: "* * * [T]he inquiry is, after viewing the evidence in the light most favorable to the prosecution, whether any reasonable trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks
(1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492.
 {¶ 9} Our standard of review on a manifest weight challenge to a criminal conviction is stated as follows:
 {¶ 10} "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. See also, State v. Thompkins (1997), 78 Ohio St.3d 380, 678 N.E.2d 541. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175, 485 N.E.2d 717."
 {¶ 11} The jury found appellant violated R.C. 2919.27 by recklessly failing to surrender his weapons. The statute states:
 {¶ 12} "2919.27 Violating a protection order, consent agreement, orantistalking protection order; protection order issued by court ofanother state.
 {¶ 13} "(A) No person shall recklessly violate the terms of any of the following:
 {¶ 14} "(1) A protection order issued or consent agreement approved pursuant to section 2919.26 or 3113.31 of the Revised Code;
* * *
 {¶ 15} "(B)(1) Whoever violates this section is guilty of violating a protection order."
 {¶ 16} The protection order in this matter was approved pursuant to R.C. 2919.26, and stated:
 {¶ 17} "Defendant shall not possess, use, carry or obtain any deadly weapon. Defendant shall turn over any deadly weapon with this order as follows:
 {¶ 18} "Strasburg Police.
 {¶ 19} "Any law enforcement agencies receiving deadly weapons shall hold them in protective custody until further court order."
 {¶ 20} Accordingly, the criminal protection order at issue clearly required appellant to turn over any deadly weapon in his possession to the Strasburg Police Department. Because the order failed to specify when the weapon was to be turned over, a reasonable amount of time to do so will be presumed. Appellant was released from the Tuscarawas County Jail on March 5, 2003, and as of March 7, 2003 had not yet complied with the terms of the protection order, despite ample opportunity to comply. We find, appellant's conviction is supported by competent, credible evidence and the jury did not lose its way in finding appellant guilty.
 {¶ 21} The April 20, 2003 Judgment Entry of the New Philadelphia Municipal Court is affirmed.
Hoffman, J., Gwin, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the April 20, 2003 Judgment Entry of the New Philadelphia Municipal Court is affirmed. Costs assessed to appellant.